UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TECNOMATIC S.p.A.,<br><br>    Plaintiff,<br><br>v.<br><br>ATOP S.p.A. and<br>MAGNETI MARELLI S.p.A.,<br><br>    Defendants. | Case No. 18-12869<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING THE PARTIES'
MOTIONS TO SEAL [138, 142, 143, 144, 148, 157, 158, 160, 164],
DENYING WITHOUT PREJUDICE THE PARTIES' MOTIONS TO
SERVE AMENDED FINAL CONTENTIONS [139, 141], AND
DENYING ATOP'S MOTION TO SHARE DOCUMENTS [156]**

Tecnomatic believes that ATOP and Magneti Marelli infringed several of its patents related to the manufacture of electric motors, so it sued them in September 2018. (ECF No. 1.) Since that time, the case proceeded through claim construction and is rapidly approaching the close of fact discovery. (*See e.g.*, ECF Nos. 97, 107, 150.)

Three sets of motions are now before the Court. First, there are motions to seal virtually every docket entry in this case since the summer of 2022, including motions to seal the entirety of the parties' amended final infringement and amended final invalidity contentions. (ECF Nos. 138, 142, 143, 144, 148, 157, 158, 160, 164.) Second, there are motions to serve the parties' amended final invalidity and infringement contentions. (ECF Nos. 139, 141.) Finally, ATOP filed a motion to share certain

documents with parties beyond those permitted by the protective order. (ECF No. 156.)

## I.

Because the disposition of the motions to seal impacts the other motions, the Court will start there.

## A.

Despite the Court's warnings as this case has progressed, there remains a "promiscuous use by both parties of filing items under seal." *See J.S.T. Corp. v. Robert Bosch LLC*, No. 15-13842, 2019 WL 7593712, at *1 (E.D. Mich. Oct. 7, 2019). Indeed, the parties seek to seal virtually every docket entry made in the last seven months. (*See* ECF Nos. 138 (Tecnomatic's motion to seal its amended final invalidity contentions), 142 (ATOP's motion to seal its amended final infringement contentions), 143 (ATOP's sealed motion for leave to amend its amended final invalidity contentions), 144 (Tecnomatic's motion to seal its response to ATOP's motion to serve its amended invalidity contentions), 148 (ATOP's motion to seal its reply to Tecnomatic's response to ATOP's motion to serve its final amended invalidity contentions), 157 (ATOP's motion to seal its motion to share certain documents), 158 (ATOP's sealed motion to share certain documents), 160 (Tecnomatic's motion to seal its response to ATOP's motion to share certain documents), 164 (ATOP's motion to seal its reply to Tecnomatic's response to ATOP's motion to share certain documents).) Because none of these motions satisfy the high burden to seal court records, they will all be denied.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Accordingly, "there is a strong presumption in favor of openness" regarding court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citation omitted). But even when there is a compelling reason to seal documents, courts must "narrowly tailor[]" the sealed portions to that purpose. *Id.* Accordingly, before a Court can seal a record, the moving party must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). To make this showing, a party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (internal quotation marks omitted).

No motion to seal comes close to meeting this standard. Indeed, each and every one is "brief, perfunctory, and patently inadequate." *See Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020). Take just two examples. First, in only six pages, Tecnomatic asks to seal all 172 pages of its amended final infringement contentions because ATOP "designated this information as 'Highly Confidential' under the Protective Order[.]" (ECF No. 138, PageID.6975.) Similarly, ATOP filed a six-page brief seeking

3

to seal its 125-page amended final invalidity contentions because of similar protective-order designations and because the contentions purportedly contain trade secrets. (*See* ECF No. 142, PageID.7181.) In other words, in a publicly filed patent infringement dispute, the parties seek to conceal from public view the very essence of the case: the infringement and invalidity contentions. But neither motion mentions the public interest nor explains how the request to seal the entirety of the information is narrowly tailored. (*See* ECF Nos. 138, 142.) So these motions fail.

For similar reasons, every other motion to seal fails, too.

As to the first requirement—a compelling interest in sealing the documents—neither of the two reasons that the parties raise across these motions are compelling. First, the argument that a brief contains information designated confidential under a protective order "is almost the exact same argument that was squarely rejected in *Shane Group*, which criticized the parties for offering 'protective-order justifications, not sealing-order ones.'" *See Lipman v. Budish*, 974 F.3d 726, 753–54 (6th Cir. 2020). As the Sixth Circuit has explained, "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Grp.*, 825 F.3d at 305. Unlike information exchanged between the parties in discovery, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco*, 710 F.2d at 1180. This is true even when the parties agree that something should be sealed. *See Shane Grp.*, 825 F.3d at

306 (noting that "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it").

Second, while protecting trade secrets can be a compelling reason to seal documents, merely claiming that something is a trade secret does not make it so. *See Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) ("The district court properly conducted its [sealing] analysis by first determining whether a trade secret existed [under Ohio law.]"). And in addition to establishing that information is a trade secret, the movant must show that disclosure of the information "will work a clearly defined and serious injury . . . [and] specificity is essential." *Shane Grp.*, 825 F.3d at 307–08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). But neither party attempted to explain how any information to be sealed is a trade secret or how disclosure would harm them. (*See, e.g.*, ECF No. 144, PageID.7324 (generically referencing "proprietary and confidential technical, financial and business information"); ECF No. 164, PageID.7611 (vaguely referring to "business or technical trade secrets").) "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194.

As to the second requirement, no motion adequately considered the public interest. Indeed, in those few motions that even address this requirement, none do so in more than conclusory fashion. (*See, e.g.*, ECF No. 160, PageID.7485 ("The public does not have access or a right to the information referenced in the Opposition. Indeed, disclosing the information could detrimentally and irreparably harm the parties and their present and future business endeavors.").) It is inconceivable that

5

the public would have no interest in accessing any of the substantive motions filed in this case in the last seven months—including every line of the parties' amended final infringement and invalidity contentions. Sealing these documents would provide the public with, at best, "fragmentary information about the conduct giving rise to this litigation" and, at worst, no ability to assess the case as it approaches summary judgment. *See Shane Grp.*, 825 F.3d at 306; *see also In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 784–85 (E.D. Mich. 2019) ("[E]ven if some of the information could be regarded as 'trade secrets,' the public interest in disclosure of it weighs heavily against granting the request for sealing, because the information will be central to the Court's, and the jury's, assessment of the merits of the claims in this case[.]").

And as to the final requirement, neither party adequately explained how its requests to seal documents were narrowly tailored. In one of the few motions to even mention this requirement, this was the entirety of the analysis: "No means other than sealing Tecnomatic's Opposition is available or satisfactory to preserve the confidential and proprietary information referenced in Tecnomatic's Opposition." (ECF No. 160, PageID.7485.) That is inadequate. *See Lipman*, 974 F.3d at 754 ("The remedy Defendants seek—the complete sealing of Plaintiffs' brief—is not 'narrowly tailored to serve' their need for secrecy. . . . When the information at issue is limited to just four out of more than fifty pages, redaction—not sealing—is the answer.").

In sum, the Court will deny the parties' motions to seal because neither party has shown that it has a compelling interest in sealing any documents, let alone that

6

its interest outweighs the public's interest in accessing the documents and that the request is narrowly tailored. (*See* ECF Nos. 138, 142, 143, 144, 148, 157, 158, 160, 164.)

**B.**

But the decision not to seal these documents does not end the Court's inquiry. Eastern District of Michigan Local Rule 5.3(b)(3)(c)(iii) directs that a court "will not consider or rely on the unredacted version of the documents sought to be sealed and as to which the sealing motion was denied[.]" Instead, the Court has two options: it may "determine that it can rule on the underlying filing without regard to any documents sought to be sealed and as to which sealing was denied (i.e., based upon the redacted document), in which case it may rule[;]" or it may "determine that justice requires, in order to adjudicate the underlying filing, that a party file additional materials." *See* E.D. Mich. LR 5.3(b)(3)(c)(iii).

The Court lacks sufficient information to rule on two of the three remaining motions: Tecnomatic's motion to serve its amended final infringement contentions (ECF No. 139) and ATOP's motion to serve its amended final invalidity contentions (ECF No. 141). The Court's Case Management Order permits a party to "amend its Final Infringement Contentions [or] Final Non-infringement, Unenforceability and Invalidity Contentions . . . only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made [within 14 days] upon discovery of the basis for the amendment." (ECF No. 32, PageID.516.) Both parties suggest that the Court's claim construction provides them good cause to amend their

7

contentions. (ECF No. 139, PageID.6986; ECF No. 141, PageID.7168.) But because the Court cannot rely on the unredacted version of the contentions—and because neither party provided redacted versions—the Court cannot make such a determination. In other words, there is nothing for the Court to review to determine if good cause exists. So the Court will deny these motions without prejudice. Instructions for renewing these motions are provided below.

On the other hand—and despite the motion's extensive redactions—the Court has sufficient information to rule on ATOP's motion to share documents. (ECF No. 156.)

## II.

ATOP seeks to share two documents with its president, general counsel, and an outside commercial litigator in Italy. (ECF No. 156, PageID.7422.) But Tecnomatic designated these documents "highly confidential limited," which means that ATOP is not entitled to share those documents with these individuals under the terms of the parties' protective order. (The title, nature, and contents of these documents are redacted, and the documents themselves are sealed in their entirety. (ECF Nos. 156-1, 156-2.)) Tecnomatic apparently opposes the motion, but the opposition brief is also sealed in its entirety. (ECF No. 162.)

Even so, the Court finds that ATOP has not met its burden to challenge the designation of these documents as "highly confidential limited" under the stipulated protective order. (ECF No. 33.)

8

The protective order directs that a party may designate information shared in discovery as confidential, highly confidential, or highly confidential limited. (*Id.* at PageID.540, 546.) In addition to defining these categories and identifying the individuals who may view documents in each category, the protective order contains detailed provisions permitting the parties to dispute a document's designation. (*Id.* at PageID.540, 544.) And it notes that the "party challenging the designation bears the burden of proving that the information is improperly designated[.]" (*Id.*) Because ATOP wants to share highly-confidential-limited documents with unauthorized individuals, the burden thus falls on ATOP.

ATOP failed to meet its burden.

For starters, ATOP tries to sidestep the terms of the protective order. It suggests that it is not "ask[ing] for a change in designation" but instead is proposing "a carve-out to the Protective Order for these two documents[.]" (ECF No. 156, PageID.7418, 7598.) But nothing in the stipulated protective order suggests that a "carve-out" is possible. And changing the designation of these documents from highly confidential limited to merely confidential would provide most or all of the relief ATOP seeks. (*See* ECF No. 33, PageID.545–546 (permitting "a party's officers and employees directly involved in this case" and "two Italian attorneys" to view confidential documents).) Given that the parties agreed to a procedure to challenge a document's designation, the Court does not see a reason to invent a workaround that achieves the same end.

9

Next, ATOP makes two attempts to foist its burden onto Tecnomatic. First—and somewhat ironically—ATOP cites *Shane Group* and the standard to seal court records to suggest that the documents "will likely become public" later in the case. (ECF No. 156, PageID.7424.) For reasons explained at length above, that may well be true. But Tecnomatic is not trying to file these documents under seal now. Instead, it is trying to prevent them from being shared during discovery with individuals beyond those permitted by the protective order. So *Shane Group* does not help ATOP just yet. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("[A] district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]' . . . These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection.").

Second, ATOP cites *Layne Christensen Co. v. Purolite Co.* for the proposition that "Tecnomatic bears the burden of showing that ▇▇▇▇▇▇▇▇ would cause competitive harm to Tecnomatic if disclosed to ATOP." (ECF No. 163, PageID.7598 (citing 271 F.R.D. 240 (D. Kan. 2010)).) But *Layne Christensen* cannot support the weight that ATOP places on it. Indeed, the parties in that case did not have a protective order in place and instead asked the court to choose between their proposed protective orders. *Id.* at 244. Here, in contrast, the parties stipulated to the terms of this protective order and agreed to the procedures and burdens for challenging document designations. Moreover, the court in *Layne Christensen* actually *prevented* the patent inventor from viewing "attorneys' eyes only" documents. *Id.* at 250

10

("Considering all the factors thus discussed, the Court finds that Defendant has shown good cause for protection against unqualified access by [the inventor] to documents designated for 'Attorneys' Eyes Only.'"). It reasoned, in part, that the inventor could access all documents designated as confidential and that only his attorneys could access the more restricted documents in order to "effectively advise [him] throughout the litigation." *Id.* at 248–49. The same considerations seem to apply here.

Finally, there is no compelling reason for any of the three decisionmakers to see these documents. First, ATOP says its president needs to see the documents because he is "responsible for guiding ATOP in such a way as to maximize ATOP's performance." (ECF No. 156, PageID.7422; *see also* ECF No. 163, PageID.7602 ("ATOP's president and general counsel . . . are the ones who are in a position to understand how legal decisions can have business ripples.").) But the protective order says that confidential information "may be used exclusively for purposes of this litigation, subject to the restrictions of this Protective Order, and for no other purpose whatsoever." (ECF No. 33, PageID.544.) So the maximization of ATOP's business performance is not only an insufficient reason to share the documents, but a strictly prohibited one. Second, ATOP says its general counsel needs to see the documents in order to ensure that ATOP takes the "most prudent course in legal matters" as she is "specifically responsible for the handling of this case." (ECF No. 156, PageID.7423.) And ATOP says that these documents will play a part in its eventual motion for summary judgment. (ECF No. 156, PageID.7425.) But what it does not say is why its

11

general counsel must see these documents in order for its very capable, experienced litigation counsel to make the relevant arguments. As in *Layne Christensen*, ATOP's "attorneys will have access to materials designated for 'Attorneys' Eyes Only' and will be able to effectively advise [general counsel] throughout the litigation." *See* 271 F.R.D. at 248. And finally, the reason that the outside commercial litigator in Italy needs the documents is redacted. (ECF No. 156, PageID.7423.) Regardless, the Court notes that the stipulated protective order permits each party to "designate two Italian attorneys by name that will have access to Confidential and Highly Confidential information," but prohibits those attorneys from seeing highly-confidential-limited documents. (ECF No. 33, PageID.545–546.) Given those clear terms, the Court sees no reason to circumvent the protective order without more explanation. In addition, ATOP's reply mentions that Tecnomatic has offered to let "one lawyer from ATOP's patent firm" in Italy view the documents. (ECF No. 163, PageID.7602.) ATOP does not explain why that is insufficient.

Accordingly, the motion to share documents is denied.

### III.

In conclusion, the Court DENIES the parties' motions to seal. (*See* ECF Nos. 138, 142, 143, 144, 148, 157, 158, 160, 164.) Given that Local Rule 5.3 was incorporated into the parties' protective order and given the Court's prior warnings, the Court does not expect a motion for reconsideration and is skeptical one would be appropriate here. *See* E.D. Mich. LR 7.1(h)(2).

The Court DENIES WITHOUT PREJUDICE the motions to serve amended final infringement and amended final invalidity contentions. (ECF Nos. 139, 141.) It ORDERS that the parties have until February 27, 2023 to renew these motions, including reasonably redacted or unredacted versions of documents previously sought to be sealed. *See* E.D. Mich. LR 5.3(b)(3)(C)(iii)(4).

And the Court DENIES ATOP's motion to share certain documents. (ECF No. 156.)

Finally, the Court formally warns both parties that it will award sanctions for any future motions to seal that are frivolous, overbroad, or which do not comply with Rule 5.3 and the standard identified above. *See Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (imposing sanctions on a law firm for filing "frivolous sealing requests or frivolously overbroad sealing requests" after being warned against doing so). As the relevant information in this case transitions from being exchanged during discovery to being filed as a public record, the parties need to accept that different treatment applies.

If any future motions to seal are filed, they must strictly comply with Local Rule 5.3(b)(3). In particular, the parties must "confer in detail before a sealing motion is filed in order to reduce the number of documents which are the subject of the motion and to otherwise reach agreement on the relief requested." *See* E.D. Mich. LR 5.3 (Comments to 2018 Revisions). And the parties must file the redacted and unredacted documents as exhibits to the sealing motion, rather than as separate docket entries. *See* E.D. Mich. LR 5.3(b)(3)(A)(v–vi). In addition, the Court requests that a party

13

seeking to redact a document highlight in yellow the portions of each document that it seeks permission to redact. The yellow highlighting will enable the Court to easily see what the party would like to redact.

On a final note, the parties' protective order requires: (1) the parties to file motions to seal "prior to the due date for the document," and (2) that "if a party wishes to file . . . a document that another producer has designated as Confidential or Highly Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that *the producer* may move the Court to require the document to be filed under seal." (ECF No. 33, PageID.549–550.) The Court expects compliance with these terms moving forward.

Any nonconforming motions will be stricken, and sanctions may be awarded.

SO ORDERED.

Dated: January 27, 2023

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE