UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TECNOMATIC S.p.A.,

    Plaintiff,

v.

ATOP S.p.A. and
MAGNETI MARELLI S.p.A.,

    Defendants.

Case No. 18-12869
Honorable Laurie J. Michelson

**OPINION AND ORDER
GRANTING TECNOMATIC'S MOTION TO SEAL [174],
DENYING ATOP'S MOTION TO SEAL [178],
GRANTING TECNOMATIC'S MOTION TO SERVE ITS AMENDED
FINAL INFRINGEMENT CONTENTIONS [175], AND
GRANTING ATOP'S MOTION TO SERVE ITS AMENDED FINAL
INVALIDITY CONTENTIONS [177]**

Tecnomatic believes that ATOP and Magneti Marelli infringed several of its patents related to the manufacture of electric motors, so it sued them. (ECF No. 1.) The case has proceeded through claim construction and is rapidly approaching the end of discovery. (*See e.g.*, ECF Nos. 97, 107, 183.) Accordingly, the parties have asked the Court for leave to serve their amended final infringement and invalidity contentions. (ECF Nos. 175, 177.) And they have each asked the Court to seal portions of Tecnomatic's amended final infringement contentions. (ECF Nos. 174, 178.)

The Court will begin with the motions to seal.

**I. Motions to Seal**

As the Court has already explained, "there is a strong presumption in favor of openness" regarding court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of*

*Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983)). Before a Court can seal records, the moving party must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). To make this showing, a party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (internal quotation marks omitted).

This is not the first time the parties have heard this standard. In the last six months, the Court denied nine motions to seal and explicitly warned the parties that "it will award sanctions for any future motions to seal that are frivolous, overbroad, or which do not comply with" the relevant legal standard. *See Tecnomatic S.p.A. v. ATOP S.p.A.*, No. 18-12869, 2023 WL 584021, at *5 (E.D. Mich. Jan. 27, 2023), *available at* (ECF No. 169). One party heeded this warning, but one did not.

### A.

Start with Tecnomatic's unopposed motion to seal. (ECF No. 174.) It asked the Court to seal information related to a confidential settlement agreement and related license it reached with another party. (*Id.* at PageID.8462 (sealed).) It argues that the Court should seal this information because it has a compelling interest in the secrecy of its settlement agreement as disclosure of this information would put it at a competitive disadvantage, because the public has no interest in the terms of its

confidential settlement agreement, and because its request is narrowly tailored to redact this information on only five pages of its 171-page amended final infringement contentions. (*See id.* at PageID.8462–8466.)

The Court agrees that this information should be sealed. *See Jackson v. Gen. Elec. Aviation*, No. 1:19-CV-629, 2020 WL 5290535, at *2 (S.D. Ohio Sept. 4, 2020) (sealing information related to a settlement agreement); *Rollinger v. FCA US LLC*, No. 2:20-CV-11242, 2022 WL 18859657, at *1 (E.D. Mich. Nov. 28, 2022) (same); *Bridgestone Americas Tire Operations, LLC v. Pac. Mfg. Ohio, Inc.*, No. 1:20-CV-575, 2020 WL 6146390, at *2 (S.D. Ohio Oct. 20, 2020) (same). Thus, Tecnomatic's motion to seal will be granted. (ECF No. 174.)

### B.

ATOP also moved to seal portions of Tecnomatic's amended final infringement contentions. (*See* ECF No. 178, PageID.9141–9143 (sealed).) But, unlike Tecnomatic, ATOP asks to seal "trade secrets," "design drawings," and "manufacturing images" across dozens of pages of the amended final infringement contentions—in a brief that is less than three pages. (*Id.*) As justification, ATOP cites the parties' protective order and claims that this is trade-secret information. (*Id.*)

Neither of these arguments are persuasive. For one, the Court already explained that "the argument that a brief contains information designated confidential under a protective order 'is almost the exact same argument that was squarely rejected in *Shane Group*, which criticized the parties for offering 'protective-order justifications, not sealing-order ones.'" *See Tecnomatic*, 2023 WL 584021, at *2

3

(citing *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020)). And it is true that protecting a trade secret can be a compelling reason to seal information. *See Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). But, again, "merely claiming that something is a trade secret does not make it so." *Tecnomatic*, 2023 WL 584021, at *2. As the Court already explained, "[i]n addition to establishing that information is a trade secret, the movant must show that disclosure of the information will work a clearly defined and serious injury . . . [and] specificity is essential." *Id.* (citing *Shane Grp.*, 825 F.3d at 307–08). ATOP did not even attempt to do so. Indeed, even after the Court's clear instruction and stern warning, ATOP again filed a motion that was "brief, perfunctory, and patently inadequate." *Id.* (quoting *Lipman*, 974 F.3d at 753).) Its motion will be denied. (ECF No. 178.)

## II. Motions for Leave to Serve

That leaves the parties' motions for leave to serve their amended final infringement and invalidity contentions. (ECF Nos. 175, 177.)

The Court's Case Management Order permits a party to "amend its Final Infringement Contentions [or] Final Non-infringement, Unenforceability, and Invalidity Contentions . . . only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made [within 14 days] upon discovery of the basis for the amendment. An example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the Court different from that proposed by the party seeking amendment." (ECF No. 32, PageID.516 (brackets in original).)

Both parties cite the Court's claim construction as good cause to amend their contentions and deny any prejudice to the nonmoving party. (ECF Nos. 175, 177.) The Court agrees. Thus, Tecnomatic's unopposed motion will be granted. (ECF No. 175.) And though ATOP's motion was initially opposed (ECF No. 180), ATOP has "agree[d] to revise" its contentions such that they will "no longer be subject to any objection from Tecnomatic." (ECF No. 181, PageID.9553.) So, with those revisions, ATOP's motion will be granted as well. (ECF No. 177.)

### III. Conclusion

In sum, the Court GRANTS Tecnomatic's motion to seal its amended final infringement contentions (ECF No. 174), Tecnomatic's motion to serve its amended final infringement contentions (ECF No. 175), and ATOP's motion to serve its amended final invalidity contentions with the revisions mentioned above (ECF No. 177). The Court DENIES ATOP's motion to seal portions of Tecnomatic's amended final infringement contentions. (ECF No. 178.)

Tecnomatic should file its amended final infringement contentions with the appropriate redactions by July 31, 2023. *See* E.D. Mich. LR 5.3(b)(3)(C)(ii).

SO ORDERED.

Dated: July 21, 2023

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE